(No. 47237.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. WALTER JAROSIEWICZ, Appellant.

*Opinion filed May 14, 1976.*

James J. Doherty, Public Defender, of Chicago (Ira Churgin, Ronald P. Alwin, and Lance R. Miner, Assistant Public Defenders, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, and Laurence J. Bolon and David A. Novoselsky, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, Walter Jarosiewicz, was convicted of aggravated battery in a jury trial in the circuit court of Cook County. On July 24, 1974, his appeal was dismissed *sua sponte* by the Appellate Court for the First District for want of prosecution. Subsequent defense motions in the appellate court to vacate the dismissal and reinstate the appeal were denied. Defendant sought, and we allowed, leave to appeal from the appellate court order of November 20, 1974, denying defendant's motion to reinstate the appeal.

Because of delays in the preparation of the report of proceedings, 1380 pages, and the common law record, 254 pages, defendant had secured in the trial court regular, timely extensions through August 30, 1974, of the time within which the report of proceedings and the record could be filed. Those extensions were secured pursuant to our Rule 608(d) (58 Ill.2d R. 608(d)), which provides:

> "(d) *Extensions of Time.* Before the expiration of the applicable time, any judge of the trial or reviewing court may extend the time for filing the report of proceedings in the trial court or the record in the reviewing court. An extension of time may also be granted by the judge on motion, supported by a showing of reasonable excuse for failure to file the motion earlier, made within 35 days after expiration of the applicable time or within six months of the expiration of the original 30 days allowed for filing a notice of appeal, whichever is later."

The appellate court, apparently, was unaware of these extensions when, on its own motion, it dismissed the

appeal for want of prosecution well within the extended period but nearly six months after the filing of the notice of appeal. Defendant's first motion to vacate the dismissal was of no assistance to the appellate court, for no reference appeared therein to the fact that extensions of time had been secured by defendant from the trial court pursuant to Rule 608(d). The State's objections to the motion further misled the appellate court by seeking to justify dismissal on defendant's failure to move for extensions of time under Rule 326 (58 Ill.2d R. 326), which requires such motions to be presented to the appellate court, rather than the trial court. But Rule 326, as the State now concedes, applies only to civil cases. The appellate court, apparently relying on these arguments, concluded its earlier dismissal was proper.

Following the completion of the record some three months later, defendant presented a second motion in the appellate court, urging reconsideration of the dismissal and moving for leave to file the record instanter. For the first time defendant informed the court of the trial court extensions and showed he had been in compliance with all applicable rules at the time the appeal was dismissed. In its objections, however, the State again erroneously relied on Rule 326, governing extensions of time in civil cases, and also referred to the nearly 11-month delay since the filing of the notice of appeal. The appellate court denied the motion, and this appeal followed.

In our judgment, the dismissal on July 24 was clearly, though understandably, in error, and once apprised of the trial court extensions the appellate court should have reinstated the appeal. Our only difficulty in reaching this conclusion arises from events that occurred between August 30, 1974, and the filing of defendant's second motion in the appellate court on November 8. On August 30, although the common law record was not then completed, defendant sought no further extension of time. Instead, as the record shows, the case was taken "off call"

in the trial court. On September 24, however, the clerk of the circuit court of Cook County received from the trial court an extension until October 24 to prepare the common law record, and the time for filing the complete record in the appellate court was similarly extended. The common law record was ultimately completed November 1, and on November 8 defendant filed his motion to reconsider the dismissal, and for leave to file the record instanter.

The State argues here, though it did not do so in the appellate court, that defendant's motion on November 8 was not timely because of a failure to comply with Rule 608(d) following August 30. The record reveals a gap in the trial court extensions from August 30 to September 24 and another from October 24 to November 8. Rule 608(d) includes a "safety valve," however, providing that even after an extension of time has expired, further extension may be granted by a trial or appellate judge on motion filed within 35 days of the expiration, supported by a showing of reasonable excuse for failure to file the motion earlier. Both gaps in the trial court extensions were fewer than 35 days long. As to the first gap, we see no reason why defendant cannot rely on the extension granted to the clerk of the circuit court, although the practice of depending on the clerk to secure extensions of time is not to be commended. Nothing in Rule 608(d) requires that defendant make the motion himself. As to the second gap, clearly the better practice would have been for the defendant to secure a final extension on October 24 before moving to file the record in the appellate court. Under the circumstances of this case, however, we conclude the appellate court should have viewed the motion of November 8 as timely filed and allowed it upon learning of the earlier trial court extensions.

Accordingly, the appellate court order of November 20, 1974, is reversed, and the cause remanded to the appellate court for further proceedings consistent herewith.

*Reversed and remanded, with directions.*